MUNICIPAL HOME RULE LAW, §§ 2(5), 10(1)(ii)(a)(12), 10(1) (ii)(e)(3),10(2); VILLAGE LAW, §§ 7-718, 7-725(1), 7-728(1), 7-738.
A village board of trustees may withdraw site plan and plat approval powers from the planning board, assume these duties itself, and give the planning board advisory responsibilities in these areas.
Louis J. Colella, Esq. Village Attorney, Dansville
You ask whether a village board of trustees may withdraw from the planning board the authority to approve site plans and plat plans and assume these functions itself. The planning board would be given the responsibility to advise the village board of trustees in these areas.
The board of trustees by local law may authorize the planning board to review and approve site plans and certain uses (Village Law, § 7-725[1]). Similarly, the board of trustees by resolution (or local law [see Municipal Home Rule Law, § 10 (2)]) may authorize the planning board to approve plats (Village Law, §§ 7-728 [1], 7-738). The grant of these powers to the planning board is clearly discretionary.
A planning board may be established by the board of trustees (Village Law, § 7-718). This power is discretionary, which means that the board of trustees also may abolish an established planning board (Russell Oaks, Inc. v Planing Bd. of Incorporated Village of RussellGardens, 28 A.D.2d 569 [2d Dept, 1967], affd 21 N.Y.2d 784 [1968]). In the absence of a planning board, the village board of trustees may perform the statutory responsibilities of a planning board (ibid.).
We believe that a village board of trustees by local law may withdraw site plan and plat approval powers from a planning board and assume these responsibilities itself (ibid.). We believe that the authority for such a local law derives from the discretionary nature of the authority to establish a planning board and confer upon it the site plan and plat approval responsibilities (Village Law, §§ 7-725 [1], 7-728 [1], 7-738). Having exercised its discretion to establish a planning board and confer powers upon it, a governing body may exercise its discretion to abolish the board or withdraw powers from it (see RussellOaks, Inc. v Planning Bd. of Incorporated Village of Russell Gardens,supra).
A village may adopt local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property in the village. This is the grant of the police power to villages (Municipal Home Rule Law, § 10 [1] [ii] [a] [12]). Villages in exercising their home-rule powers may supersede the Village Law (id.,
§ 10[1][ii][e][3]). We believe that a village board of trustees by local law utilizing its police power may restructure the planning board's function and make its role strictly advisory.
We conclude that a village board of trustees by local law may withdraw site plan and plat approval powers from the planning board, assume these duties itself, and give the planning board advisory responsibilities in these areas.